UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEST VIEW RESEARCH, LLC, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware corporation; and BMW MANUFACTURING CO., LLC, a Delaware corporation,<br><br>Defendants. | Case No.: 16-CV-2590 JLS (AGS)<br><br>**CLAIM LIMITATION ORDER**<br><br>(ECF Nos. 30, 31) |

Presently before the Court are the parties' cross motions to determine the number of asserted claims. ("Defs.' Mot.," ECF No. 30; "Pl.'s Mot.," ECF No. 31.) After considering the parties' arguments and the law, the Court rules as follows.

### BACKGROUND

Plaintiff accuses Defendants of infringing 112 claims of U.S. Patent Nos. 9,299,053 (the "'053 patent") and 9,412,367 (the "'367 patent"). (Defs.' Mot. 2,[1] ECF No. 30-1.) Plaintiff acknowledges that this number of asserted claims is excessive. (*Id.* (citing ECF

---

[1] Pin citations refer to the CM/ECF numbers electronically stamped at the top of each page.

No. 26, at 8).) Defendants seek to limit the asserted claims to 7 per patent, for a total of 14, (*id.*), while Plaintiff seeks to assert 50 total claims between both patents, (Pl.'s Mot. 4, ECF No. 31-1).[2]

## LEGAL STANDARD

District courts may limit the number of patent claims asserted in an action for patent infringement for the sake of judicial economy and management of a court's docket. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1313 (Fed. Cir. 2011); *Stamps.com Inc. v. Endicia, Inc.*, 437 F. App'x 897, 902 (Fed. Cir. 2011); *Medtronic Minimed Inc. v. Animas Corp.*, No. CV 12-04471 RSWL RZX, 2013 WL 3322248, at *1 (C.D. Cal. Apr. 5, 2013) (collecting cases). "In determining whether to require parties [to] limit the number of claims asserted, courts look to the number of patents and claims at issue and the feasibility of trying the claims to a jury. Courts should also look to whether the patents at issue have common genealogy, whether the patents contain terminal disclaimers, and whether the asserted claims are duplicative." *Thought, Inc. v. Oracle Corp.*, No. 12-CV-05601-WHO, 2013 WL 5587559, at *2 (N.D. Cal. Oct. 10, 2013) (citing *In re Katz,* 639 F.3d at 1311). "Even after requiring parties to limit the number of claims at issue for claim construction or trial, courts should allow patent holders to bring back in non[-]selected claims upon a showing of 'good cause' that the non-selected claims present unique issues of infringement or invalidity." *Id.* (citing *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 918 F. Supp. 2d 277, 284 (D. Del. 2013)).

## ANALYSIS

Plaintiff notes that the two patents do not share a common genealogy and do not have terminal disclaimers over the other. (Pl.'s Mot. 5–6, ECF No. 31-1.) Plaintiff also argues that "the asserted claims of the [']367 patent are in <u>no</u> way duplicative of, redundant, or commensurate in scope with, the claims of the [']053 patent" and that "significant

---

[2] Plaintiff also seeks an order modifying Patent L.R. 3.1. (*See* Pl.'s Mot. 14–15, ECF No. 31-1.) The Court finds that this is inappropriately raised in the parties' cross motions to determine the amount of asserted claims. If necessary, Plaintiff may re-raise its request in a renewed motion.

differences in claims *within the same patent* are present." (*Id.* at 6 (emphases in original).) But Plaintiff does not explain how these factors counsel allowing assertion of 50 claims. Rather, Plaintiff argues that such factors "tilt in favor of maintaining a *sufficient* number of claims in each patent to preserve WVR's ability to attach the various damage bases associated with BMW's disparate products and services." (*Id.* (emphasis added).)

To that end, Plaintiff justifies its request for 50 claims based on the "highly diverse" claims and damage bases found in each patent. As to the '053 patent, Plaintiff argues that the 23 independent claims of the '053 patent are directed to at least seven distinct product or service damage bases. (*Id.* at 8–13.) But Plaintiff does not explain why, in view of these seven categories of invention, it must assert all 23 independent claims and an additional 7 dependent claims. (*Id.* at 15.) Since Plaintiff's central argument hinges on the seven potential damage bases in the '053 patent, the Court will allow Plaintiff to assert fourteen (14) claims from this patent, which should account for these seven damage bases and allow Plaintiff to assert other claims to, as Plaintiff puts it, "account for the great diversity of heterogeneous dependent claims," of which there are 181. (*Id.* at 15.)

Plaintiff's argument has less force with regard to the '367 patent. As Plaintiff acknowledges, each of the 20 independent claims of the '367 patent is "directed generally to [a] 'computerized apparatus.'" (*Id.* at 14.) While Plaintiff notes some differences among the various independent claims, (*see id.*), it fails to persuade the Court that these differences alone mandate an assertion of all 20 independent claims. Accordingly, Plaintiff may assert ten (10) claims from the '367 patent.

These limitations are consistent with, and in some cases more generous than, other authorities addressing this issue. *See, e.g.*, *Medtronic Minimed*, 2013 WL 3322248, at *3 (reducing the 255 asserted claims over nine patents to no more than 4 claims per patent and to no more than 2 claims per patent at a later date); *Fenster Family Patent Holdings, Inc., Elscint Ltd.*, No. CIV.A.04-0038 JJF, 2005 WL 2304190, at *3 (D. Del. Sept. 20, 2005) (reducing the asserted claims from 90 to 10 and acknowledging that its decision was "obviously arbitrary"); *Verizon Cal. Inc. v. Ronald A. Katz Tech. Licensing, P.A.*, 326 F.

Supp. 2d 1060, 1066 (C.D. Cal. 2003) (limiting the asserted claims over sixteen patents to 3 per patent); (*see also* Declaration of Licia Vaughn ("Vaughn Decl."), Ex. C, ECF No. 30-2 (E.D. Tex. General Order No. 13-20, adopting Model Order Focusing Patent Claims and Prior Art to Reduce Costs (setting a preliminary election of asserted claims to no more than 10 per patent and 32 total, and final election of asserted claims to no more than 5 per patent and 16 total))). And Plaintiff provides no authority that persuades the Court that it should be allowed to assert 50 claims over two patents.[3] Nevertheless, the Court remains open to allowing Plaintiff to add or substitute claims for good cause at a later date. *See, e.g.*, *Stamps.com*, 437 F. App'x at 902–03.

## CONCLUSION

For the foregoing reasons, the Court rules as follows: At this juncture Plaintiff may assert fourteen (14) claims from the '053 patent and ten (10) claims from the '367 patent.[4]

**IT IS SO ORDERED.**

Dated:  February 15, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[3] The Court declines to rely on the reasoning of *Fleming v. Cobra Elecs. Corp.*, No. 1:12-CV-392-BLW, 2013 WL 1760273, at *3 (D. Idaho Apr. 24, 2013). There the Court relied on *In re Katz* for the proposition that "[i]t is also conceivable that a claim selection order could come too early in the discovery process, denying the plaintiff the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses." *Id.* (citing *In re Katz*, 639 F.3d at 1313 n.9). The *Fleming* Court denied the defendant's motion because this concern outweighed the argument that limiting the claims "might streamline this litigation at some point." *Id.* But there are other considerations at play, including prejudice to Defendants and judicial economy. The Court, along with other courts as discussed above, finds that these considerations outweigh any prejudice to Plaintiff at this stage. And the Court will allow Plaintiff to later add or substitute claims if it can show good cause for doing so.

[4] This Order does not address Defendants' alternative argument that the Court should impose additional limitations on the asserted claims after it issues its order on claim construction. (Defs.' Mot. 6, ECF No. 30-1.) The Court hopes, as did many other courts addressing this issue, *see, e.g.*, *Medtronic Minimed*, 2013 WL 3322248, at *2, that the parties will agree on additional limitations on their own. Indeed, Plaintiff appears willing to reduce its asserted claims after claim construction. (*See* ECF No. 26, at 8.) However, the Court remains open to entertaining an additional motion to reduce the asserted claims after claim construction.